NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEF SMUSZ,**<br><br>          **Plaintiff,**<br><br>     v.<br><br>**HILLSIDE CEMETARY ASSOCIATION**<br>**and CATHY MUNRO, Individually,**<br><br>          **Defendants.** | Civ. No. 2:14-cv-01882 (WJM)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on an unopposed joint motion to approve a settlement agreement. In March 2014, Plaintiff Josef Smusz filed this action against Defendants Hillside Cemetery Association and Cathy Munro. The Complaint alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New Jersey Wage and Hours Laws ("NJWHL"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49. ("NJLAD"). Specifically, Smusz – who was previously employed at Defendant Hillside Cemetery Association – alleges that Defendants terminated him because of his Polish national origin in violation of the NJLAD. He further alleges that Defendants violated the FLSA and the NJWHL by failing to pay him wages for hours he worked at the cemetery. In response, Defendants contend that Smusz's termination had nothing to do with his national origin and instead was due to

performance issues. They further contend that their payroll records reveal that Smusz was not undercompensated for his work at the cemetery.

After engaging in some written discovery, the parties reached a settlement agreement (hereinafter, "the Agreement"). The Agreement provides that Smusz will receive a total amount of $52,500, with $13,500 of that sum accounting for attorney's fees. In return, Smusz has agreed to release any and all claims against Defendants that predate the Agreement. (Mt. to Approve, Ex. B.)

The parties have now filed a joint motion to approve the Agreement. Many courts have held that in an FLSA case, parties to a settlement agreement must submit their agreement to the court for approval. *See, e.g., Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Bettger v. Crossmark*, Inc., No. 1:13-cv-2030, 2015 WL 279754, *3 (D.N.J. Jan. 22, 2015); *Morales v. PepsiCo.*, Inc., No. 11-cv-6275, 2012 WL 870752, *1 (D.N.J. Mar. 14, 2012). A court should approve a settlement agreement if it is fair and resolves a bona fide dispute. *See, e.g, Bredbenner v. Liberty Travel, Inc.*, No. 09-905, 2011 WL 1344745, *18 (D.N.J. Apr. 8, 2011). When analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements. *See, e.g., Farris v. JC Penney Co., Inc.*, 176 F.3d 706, 711 (3d Cir. 1999) (citations omitted).

The Court has reviewed the terms of the Agreement and concludes that the Agreement presents a fair resolution of a bona fide dispute. This case presents a bona fide dispute because there are a number of contested factual issues, including whether Defendants terminated Smusz on the basis of his national origin and whether Smusz was

undercompensated for the work her performed at the cemetery. Moreover, these factual disputes have created uncertainties for both parties, which has led them to seek a middle ground by entering into a settlement agreement. Mindful of these considerations, the Court has reviewed the terms of the Agreement concludes that the Agreement is fair and reasonable.

For the foregoing reasons and for good cause shown;

**IT IS** on this 19th day of February 2015, hereby,

**ORDERED** that the parties' joint motion to approve the Agreement is **GRANTED**; and it is further

**ORDERED** that this case is hereby dismissed with prejudice.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**